UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID L. JACKSON,

    Petitioner,

v.                                            Civil Action No. 4:23-cv-309-P

CHRIS RIVERS, Warden,
FMC-Fort Worth, [1]

    Respondent.

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and supporting brief filed by petitioner David L. Jackson ("Jackson"), a federal prisoner at FMC-Fort Worth. Pet. 1-11, ECF No. 3; Brief 1-3, ECF No. 4. The Respondent filed a response with an appendix (ECF Nos. 9 and 10), and Jackson filed a reply. ECF No. 11. After having considered the pleadings, applicable law and relief sought by Jackson, the Court **DISMISSES** the § 2241 petition for lack of jurisdiction.

## BACKGROUND

Jackson was convicted by a jury, in February of 1999, of seven counts of kidnapping in violation of 21 U.S.C. §1201(a)(5), and one count of use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §924(c)(1). Order: re § 2255 Motion, *United States v. Jackson*, No. 98-cr-010-LTB, Civ. No. 22-cv-2299-LTB, App. p. 16, ECF No. 10. Jackson was sentenced to concurrent terms of 327 months for each of the seven kidnapping counts, and to a consecutive mandatory term of 120 months for the use of firearm count, for a total 447-month

---

[1] Chris Rivers is now the warden at FMC-Fort Worth. The clerk of Court should therefore update the Respondent on the docket.

term of imprisonment. App. p. 17, ECF No. 10.

Jackson's initial post-conviction motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 was filed on October 4, 2002, and was denied on October 28, 2004. *Id.* Jackson sought permission to file a successive §2255 motion and the Tenth Circuit authorized his second § 2255 motion on August 23, 2023. *Id.* In the second §2255 motion, Jackson sought to vacate his conviction and sentence for use of a firearm in connection with a crime of violence, under 28 U.S.C. §924(c)(1), pursuant to the holding in *United States v. Davis*, 139 S.Ct. 2319 (2019). *Id.* Jackson's §2255 motion was ultimately denied as untimely. App. p. 22, ECF No. 10. Jackson then filed this § 2241 petition, seeking to obtain relief under the saving clause on the same *Davis* based arguments.

## ANALYSIS

### A. Prior Fifth Circuit Standard for Invoking the § 2255(e) Savings Clause

A petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2255 motion is the proper means of attacking errors that occurred at or before sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). By contrast, a § 2241 petition is available for attacking the manner in which a sentence is executed (e.g., for attacking how the Federal Bureau of Prisons calculates a release date when taking into account things like presentence time in custody). *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 petition that challenges the validity of a federal conviction and sentence, therefore, generally must either be dismissed of construed as a § 2255 motion.

Notwithstanding this general rule, a "saving clause" within § 2255(e) permits the use of a § 2241 petition to challenge the validity of a sentence in certain limited circumstances. That provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it

> appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the Court may consider a § 2241 petition attacking a sentence's validity only if the petitioner establishes that the remedy under a § 2255 motion is "inadequate or ineffective." *See Tolliver*, 211 F.3d at 878; *see also Pack*, 218 F.3d at 452 (explaining that the petitioner has the burden to show that the section 2255 remedy is inadequate or ineffective so as to trigger the savings clause).

The bar against filing successive § 2255 motions does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver*, 211 F.3d at 878. Nor does the fact that a petitioner who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Loredo v. Joslin*, No. 3:04-CV-2070-N, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004), *rep. and rec. adopted*, 2004 WL 2600502 (N.D. Tex. Nov, 12, 2004). Instead, the Fifth Circuit previously held that the savings clause of § 2255(e) applies to a claim only if:

> (1) the [§ 2241] petition raises a claim "that is based on a retroactively applicable Supreme Court decision";
>
> (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and
>
> (3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 895 (5th Cir. 2001))). The June 2023 decision of the Supreme Court in *Jones v Hendrix*, 599 U.S. 465 (2023), significantly changed the landscape for petitioners seeking to bring a § 2241 petition via the savings clause of § 2255(e), as explained below.

When a petitioner cannot satisfy the savings clause, the proper

-3-

disposition is a dismissal of the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, No. 4:16-CV-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

### B. Application of *Jones v. Hendrix* to Reject Jackson's Savings Clause Claims

In the *Jones v. Hendrix* case, the Supreme Court recognized that "several Courts of Appeals found a workaround for those prisoners in the savings clause." *Id.* at 477. The Court determined that many circuits "[w]ith minor differences in reasoning and wording . . . held that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available—when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *See Jones*, 599 U.S. at 477 (citing decisions from numerous circuits including *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), as an example of such case law). The Supreme Court disapproved of these other approaches and instead crafted a more narrow reading of when a savings clause attack on a conviction or sentence is allowed. *See Id.* ("We now hold that the savings clause does not authorize such an end-run around AEDPA.")

In *Jones*, the Supreme Court also recognized that:

> Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied . . . .
>
> Even more directly, § 2255(h)(2)'s authorization of a successive collateral attack based on new rules 'of *constitutional* law' implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the work 'constitutional,' it easily could have done so.

-4-

*Id.* at 478. The Court noted that those two conditions are:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense: or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* at 476.

The *Jones v. Hendrix* opinion further explained that as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)— "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." *Id.* at 480. A prisoner such as Jackson "asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition" may not proceed under the saving clause.

Under this new standard, Jackson cannot rely on the statutory interpretation changes from the *United States v. Davis*, 139 S.Ct. 2319 (2019) to invoke the savings clause. See *Bowe v. Boulett*, No. 3:22-CV-515 HTW-LGI, 2023 WL 9596745 *1 (S.D. Miss. Aug. 29, 2023), *rep and rec. adopted*, 2024 WL 499504 (Feb. 8, 2024)(recognizing that claims invoking the savings clause based statutory interpretation change arising from *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Taylor*, 142 S.Ct. 2015 (2022) are foreclosed by *Jones v. Hendrix*, 599 U.S. (2023)); *see also Williams v. Warden*, FCI-Beaumont, Civ. No. 1:23-CV-155, 2023 WL 8705671 (E.D. Tex Oct. 31, 2023), *rep and rec. adopted*, 2023 WL 8702142 (Dec, 15, 2023)("an intervening change in statutory interpretation is insufficient to invoke the savings clause ") (citing *Jones v. Hendrix*).

The savings clause in § 2255(e) authorizes a district court to

exercise jurisdiction to entertain a § 2241 petition challenging a federal sentence only if the district court first concludes that a § 2255 motion is inadequate to challenge the prisoner's detention. 28 U.S.C. § 2255(e). But the *Jones v. Hendrix* decision clarified that a § 2255 motion is deemed adequate unless the § 2241 petitioner relies on either newly discovered evidence or a new rule of constitutional law. *Jones*, 599 U.S. at 469.

Jackson's attempt to proceed under § 2241 thus fails because he does not present newly discovered evidence that he is actually innocent. Additionally, Jackson fails to identify any new rule of constitutional law retroactively applicable to his case.  For these reasons, Jackson has not shown he is entitled to proceed through a § 2241 petition. *See Jones*, 599 U.S. at 469-79.

In sum, Jackson fails to demonstrate any entitlement to relief and fails to show that a § 2255 remedy was "inadequate or ineffective" within the meaning of applicable precedent so as to allow his claim to proceed with a § 2241 petition under the savings clause.  Jackson's claim must fail as it is not based on newly discovered evidence of actual innocence or a new rule of constitutional law. As a result, Jackson's § 2241 petition must be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

## CONCLUSION and ORDER

Accordingly, it is **ORDERED** that David L. Jackson's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **22nd** day of **February 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE